# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**
    **Plaintiff**

v.                                            Case Number 3:12cr069-001

                                             USM Number 12259-027

**BRIAN NEWMAN**
    **Defendant**
                                             **H JAY STEVENS - FCD**
                                             **Defendant's Attorney**

_____

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count 3 of the Indictment on 10/23/2012.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:2251(a) ENTICEMENT OF A MINOR FOR PRODUCTION OF CHILD PORNOGRAPHY | April 14, 2012 | 3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1, 2 & 4-6 of the Indictment are dismissed on the motion of the United States.

Final order of forfeiture filed on 4/4/2013.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

                                             April 3, 2013
                                             Date of Imposition of Judgment

                                             s/ Jon E. DeGuilio
                                             Signature of Judge

                                             Jon E. DeGuilio, United States District Judge
                                             Name and Title of Judge

                                             April 4, 2013
                                             Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **360 months**.

The Court makes the following recommendations to the Bureau of Prisons: That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, a facility where he may receive a mental health evaluation and counseling; sex offender treatment; and that the defendant be placed in a facility as close as possible to his family in Michigan City, Indiana.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____ _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **20 years.**

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and two (2) periodic drug tests thereafter, as determined by the Court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq), as directed by the probation officer, the Bureau of Prisons, and any state sex offender registration agency in which he resides, works, or is a student, or was convicted of a qualifying offense.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2. The defendant shall report to the probation officer in the manner and as frequently as directed by the Court or probation officer.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support his dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer within ten (10) days of any change in residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in sex offender testing and evaluation to include psychological, behavioral assessment and/or polygraph examinations as a means to ensure compliance with program requirements and restrictions. The defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court.

The defendant shall enter and attend sex-offender-specific group and individual counseling at an approved outpatient treatment program, if warranted from the testing, evaluation and assessments and shall abide by all program requirements and restrictions. The defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court.

The defendant shall neither possess nor have under his control any matter that is pornographic or that depicts or describes sexually explicit conduct as defined by 18 U.S.C. § 2256, or any matter depicting sexual activity including any person under the age of eighteen.

The defendant may only have personal access to computer internet services that are approved by the probation officer. The probation officer shall have access to the defendant's personal computer to verify the same.

The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00** | **NONE** | **NONE** |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No restitution was ordered.

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

**One black, HP Compaq Presario laptop computer, model CQ57, serial number 4CZ1202M43.**

Name:	BRIAN NEWMAN

Docket No.:	3:12cr069-001

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

      Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

      I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)
_____     _____
     Defendant                                                    Date


_____     _____
     U.S. Probation Officer/Designated Witness         Date